# Black, Appellant, v. Hartrick.

*Mechanics' liens—Separate buildings—Adjoining lots—Single claim—Dwelling houses—Claim by subcontractor—Description of curtilage—Act June 4, 1901, P. L. 431, Sec. 23:*

1. A single claim cannot be filed by a subcontractor for mate-

rials furnished and work done on two separate buildings and under two separate and distinct contracts between the owner and general contractor, where the structures are separated by fences which form separate enclosures for each, where both properties abut upon public avenues to which they have separate and direct access, and each building, including its curtilage, could be sold and conveyed without depreciating the value of either property.

2. In a claim filed by a subcontractor for materials and labor furnished in the construction of a residence, the fact that the description of the land upon which the residence was erected contains more than is reasonably necessary as a curtilage, and includes the ground upon which another independent structure is located, is not a sufficient defense. If the curtilage described contains more land than "should be justly included therein," Section 23 of the Act of June 4, 1901, P. L. 431, furnishes an ample remedy to have the same restricted to what may be reasonably necessary.

Argued Oct. 23, 1914.   Appeal, No. 112, Oct. T., 1914, from judgment of C. P. Allegheny Co., Oct. T., 1912, No. 2564, for defendants, non obstante veredicto in case of W. J. Black and John G. Sell, Partners, trading as W. J. Black & Company v. J. Albert Hartrick and Lillian Brant Hartrick, Owners or Reputed Owners, and Thomas O. Reese and Charles McC. Reese, formerly Partners Doing Business as T. O. Reese & Brother, Contractors, for Whom Individually and as Partners, the Commonwealth Trust Company is Trustee in Bankruptcy.    Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Scire facias sur mechanics' lien.   Before EVANS, J.

The opinion of the Supreme Court states the case.

Verdict for the plaintiffs for $2,179.53.   The court entered judgment for the defendants non obstante veredicto.   Plaintiffs appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*E. B. Strassburger,* with him *W. H. Lemon,* for appellants.

*Herman L. Grote,* with him *Frederick C. Grote,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 2, 1915:

We entirely agree with the learned court below that in its main features this case is ruled by Schively v. Radell, 227 Pa. 434. The materials were furnished and the work was done on two separate buildings and under two separate and distinct contracts between the owner and general contractor through whom appellants as subcontractors claim. A single claim was filed for materials furnished in the construction of two separate buildings, and this cannot be done as was decided in Todd v. Gernert, 223 Pa. 103. The structures were separated by marks upon the ground, indicated by building fences which formed separate enclosures for each. Both properties abutted upon public avenues to which they had separate and direct access. To all intents and purposes they were separate independent structures, each of which including its curtilage could be sold and conveyed and thus separated from the other without depreciating the value of either property. The mere statement of these facts is sufficient to demonstrate that the authority of the case above cited is conclusive against the contention of appellants.

What has been said applies to the principal part of the claim, amounting to $1,817.71, which was for materials and labor furnished in the construction of two separate buildings. It does not apply to the item of $151.76 for materials and labor furnished for extra work on the basement walls of the residence. This was a single claim against one separate structure. There was no question of apportionment, nor of the filing of a single claim against two separate structures in this item. That the materials and labor for which this item of claim is made were furnished in the construction of the residence, is not questioned and that this amount is due the subcontractor is not denied. The only defense to this item

of claim is that the description of the land upon which the residence was erected contains more than is reasonably necessary as a curtilage, and includes the ground upon which the other structure is located. The answer to this position is that if the curtilage described contains more land than "should be justly included therein," section 23 of the Act of June 4, 1901, P. L. 431, furnishes an ample remedy to have the same restricted to what may be reasonably necessary.

Notwithstanding the very able argument of counsel for appellee upon this point our conclusion is that the item of claim for extra materials and labor furnished on the basement walls of the residence, valid in every other respect, should not be stricken down because more land was included in the description of the curtilage than was reasonably necessary for the general purposes of the residence. If this becomes a material question application may be made to the court below to have the curtilage defined and the lien limited to the boundaries thus ascertained.

It is only fair to say that this question does not seem to have been called to the attention of the learned court below and was not therefore passed upon. This will make it necessary to reverse the judgment in order that this item of claim may be allowed.

Judgment reversed and record remitted with directions to enter judgment for $151.76 with the accrued interest thereon, being the amount due for extra materials and labor furnished in the construction of the residence as hereinbefore indicated.