# Curti *v.* Hartrick, Appellant.

*Mechanic's lien—Dwelling house—Reference to other buildings —Extent of curtilage—Act of June 4, 1901, P. L. 431.*

A mechanic's lien filed by a subcontractor for materials and labor furnished in the construction of a residence, is not fatally defective because the description in the claim states that the lot on which the house was erected contained about seven acres, and that a tenant house and barn were erected about the same time on the same lot. If the curtilage described contains more land than "should be justly included therein," Section 23 of the Act of June 4, 1901, P. L. 431, furnishes an ample remedy to have the curtilage restricted to what may be reasonably necessary.

*Mechanic's lien—Subcontractor—Labor and material—Prices— Lumping prices.*

A mechanic's lien claim filed by a subcontractor for material and labor furnished under a contract with the contractor is sufficient, if it sets forth, the number of perch of stone furnished at a price per perch stated, and the number of window sills and chimney caps with the price per sill and cap stated; but an item of fifty dollars for "material and labor building concrete footing course," and an item of "four hours' extra labor at twenty-five cents per hour," are insufficient, and should be excluded.

*Mechanic's lien—Notice to owner by subcontractor—Reference to other buildings—Time.*

A notice by a subcontractor of an intention to file a lien against a dwelling house is not defective and void because it also states an intention to file liens against a barn and a tenant house which were being built at the same time on the same lot and for which the claimant furnished material and labor.

Where the material averments of a mechanic's lien and the proof of service of the notice of intention to file, are not directly and specifically traversed and denied, they will be taken as admitted.

Where a mechanic's lien sets forth the period within which the work was done under the contract, and the time when the last work was done, and that it was all done within six months last past, objection cannot be taken to it because it fails to show what items were furnished within three months immediately preceeding the filing of the lien.

Argued April 29, 1915.    Appeal, No. 67, April T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., January T., 1913, No. 2378, on verdict for plaintiff in case of Peter Curti v. J. Albert Hartrick and Lillian Brant Hartrick, his wife, Owners or reputed owners, and Thomas O. Reese and Charles McCune Reese, partners, as T. O. Reese & Brother, Contractors.    Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.    Judgment modified and affirmed.

Scire facias sur mechanic's lien.    Before CARNAHAN, J. The lien was as follows:

Peter Curti, plaintiff above named, hereby files his claim or statement of demand for the price and value of materials furnished and for work and labor done for and about the erection and construction of a certain building hereafter described, against the building and ground thereby covered, and so much other ground immediately adjacent thereto and belonging to the owner or reputed owner thereof, as may be necessary for the ordinary and usual purpose of such building, and set forth in his claim as follows:

First.    The name of the claimant is Peter Curti.

Second.    The name of the owners or reputed owners of the building and property is J. Albert Hartrick and Lillian Brant Hartrick, his wife.

Third.    The names of the parties with whom the claimant contracted are T. O. Reese and Charles McCune Reese, partners doing business as T. O. Reese & Bro.

Fourth.    The amount or sum claimed to be due is five hundred and eighty-three ($583.00) dollars, with interest from the fourth day of May, 1912, for work done and materials furnished within six months last past for and about the erection and construction and upon the credit of the building hereinafter described.    A detailed statement of the kind and character of the work and labor done and the kind and amount of material furnished and of the dates when said work and labor was done

and materials were furnished and the prices charged therefor being fully set forth in bill of particulars hereto annexed and made part hereof.

Fifth.   The lien is claimed against the following described property and the structure thereon:

All that certain lot or piece of ground situate in Ross Township, Allegheny County, Pennsylvania, bounded and described as follows: Beginning at a point at the intersection of the center line of Perrysville avenue with the center line of Schwitter avenue; ...... Containing seven and thirty-eight hundredths (7.38) acres, exclusive of the area in the street.  Said building being a two-story brick and shingle dwelling house, for the erection and construction of the foundations of which said materials were furnished and labor done and performed.   That there are also erected on said property a frame barn and a two-story frame and tile cottage.

That the said material and labor was furnished on the faith and credit of said building, under a written bid to do the same furnished to and accepted verbally on the 10th day of November, 1911, by T. O. Reese & Bro., the general contractor with said owners for the erection thereof.

That the items claimed as extras in the annexed statement were furnished and done by claimant by and with the consent and approval of the architect and owners of said building.

The date when the last material and labor was furnished and done was May 4th, 1912.

Claimant is a subcontractor and written notice of his intention to file a lien was served personally upon Edward B. Lee, architect for said building, at his office, Peoples Bank Building, Pittsburgh, Pa., on the 24th day of July, 1912, and also by posting a copy of said notice upon the premises on the 25th day of July, 1912, the said owners at that time being out of and absent from the State.

450 CURTI *v.* HARTRICK, Appellant.

Statement of Facts.    [61 Pa. Superior Ct.

Witness the hand of said claimant this 16th day of October, 1912.                              PETER CURTI.

West View, Pa., May 4, 1912.

T. O. Reese & Bro.,
          To Peter Curti, Dr.

To material furnished and work and labor done between the dates November 10, 1911, and May 4, 1912, in and about the erection of the foundation, etc., of a brick and shingle dwelling house for which said T. O. Reese & Bro. were the general contractors and J. Albert Hartrick and Lillian Brant Hartrick are the owners under a written bid furnished to and verbally accepted by said T. O. Reese & Bro., as follows:

| | | |
|---|---:|---:|
| 100 perch stone including lime, cement, sand and laying same, at $4.75 per perch, .......................... | $475.00 | |
| 8 window sills and setting same at $1.00 per sill, ....................... | 8.00 | |
| Material and labor building concrete footing course, ................... | 50.00 | |
| Cut stone chimney cap, 2 doors, sills and step, ....................... | 87.00 | |
| | | $620.00 |
| 4 perch stone extra on height of wall at $4.75 per perch, .................. | $19.00 | |
| 4 hours' extra labor at 25 cts. per hour, | 1.00 | |
| | | 20.00 |
| Total, ...................... | | $640.00 |

Credit.

| | | |
|---|---:|---:|
| By 12 perch stone omitted from contract and not built at $4.75 per perch, | | 57.00 |
| Balance due, ................ | | $583.00 |

The notice of intention to file the lien against the dwelling house contained also notice of an intention to file liens against the tenant house and the barn.

At the trial the defendants moved for a nonsuit for the following reasons:

The notice of intention to file a lien in this case is irregular, defective, insufficient and void, and not in accordance with the act of assembly, only one notice being given for the aggregate amount claimed for the work. and materials furnished on the three separate buildings or structures, and the three separate liens thereafter filed in pursuance thereof, said notice stating that the subcontractor  intended to file "a mechanic's lien" against certain "buildings, improvements and curtilage" for work done on a "two-story brick and shingle dwelling house or bungalow, frame and tile cottage, and frame barn."

The mechanic's lien in the same regard is defective.

The notice of intention, the lien, and the scire facias contain a lumping charge as respects the items of labor and materials, and also a lumping charge as respects the dates of the same.

The notice of intention and also the lien fail to show the amount of work or materials, if any, that were furnished within three months immediately preceding the giving of the notice of intention to file a lien, whether a substantial amount or merely a nominal amount to extend the time of filing said lien, nor whether the same was for work done under the contract or for work of repairing or replacing the same, there being merely the general averment at the end of said lien that all the materials were furnished "Between the dates November 20, 1911, and May 4, 1912," a period of six months, without showing what items were furnished within three months immediately preceding the giving of said notice.

There is no allegation in the lien, of the defendants' "residence out of the county," to entitle the plaintiff to a substituted service upon the architect, or to the con-

structive service by posting the premises, the alleged service of the notice of intention being thus irregular, defective and void.

Verdict and judgment for plaintiff for $655.29. Defendant appealed.

*Errors assigned* were various rulings and instructions.

*Herman L. Grote*, with him *Frederick C. Grote*, for appellant.—Three structures were wrongfully combined in one lien: Schively v. Radell, 227 Pa. 434; Todd v. Gernert, 223 Pa. 103; Hiestand v. Keath, 229 Pa. 149; Nagle v. Henninger, 4 Lehigh 197.

Each lien is in reality a joint lien, no longer permitted, and embraces the entire block, constituting the curtilages of all the structures, described in each lien as the same tract of land: Girard Point Storage Co. v. Southward Foundry Co., 15 W. N. C. 25; Hiestand v. Keath, 229 Pa. 149.

The prices were not itemized: Chapman v. Faith, 18 Pa. Superior Ct. 578; Shields v. Garrett, 5 W. N. C. 120; Burrows v. Carson, 53 Pa. Superior Ct. 488; McFarland v. Schultz, 168 Pa. 634; Russell v. Bell, 44 Pa. 47; Lee v. Burke, 66 Pa. 336; Fahnestock v. Speer, 92 Pa. 146.

Time when furnished is not set forth: McFarland v. Schultz, 168 Pa. 634; Breitweisser Lumber Co. v. Wyss-Thalman, 51 Pa. Superior Ct. 83; Crane Co. v. Rogers, 23 D. R. 583; Burrows v. Carson, 53 Pa. Superior Ct. 488.

No proper items were stated within the three months: Lee v. Burke, 66 Pa. 336; Shields v. Garrett, 5 W. N. C. 120; Kohler v. Mountney, 5 W. N. C. 260; Wilson v. Forder, 30 Pa. 129; Phillips v. Duncan, 5 Clark 358; Wolf Co. v. Penna. R. R. Co., 29 Pa. Superior Ct. 439; Day v. Penna. R. R. Co., 224 Pa. 193; Busse v. Canter, 51 Pa. Superior Ct. 514.

*A. C. Johnston*, with him *C. M. Johnston*, for appellee.

—The lien and notice were sufficient: Day v. Penna. R. R. Co., 35 Pa. Superior Ct. 586; Smith v. Sarver, 4 Sadler 298; Donahoo v. Scott, 12 Pa. 45; Calhoun v. Mahon, 14 Pa. 56; McClintock v. Rush, 63 Pa. 203; Langenheim v. Anschutz-Bradbury Co., 2 Pa. Superior Ct. 285; Winton v. Benore, 28 Pa. Superior Ct. 27; American Car & Foundry Co. v. Alexandria Water Co., 215 Pa. 520; Este v. Penna. R. R. Co. 27 Pa. Superior Ct. 521; Bayer v. Reeside, 14 Pa. 167; Lee v. Exeter Club, 9 Pa. Superior Ct. 581; Thirsk v. Evans, 211 Pa. 239; Willson v. Canevin, 226 Pa. 362.

OPINION BY HENDERSON, J., November 29, 1915:

The plaintiff filed a lien against the defendants for a claim arising out of a contract between him and the contractors for the owner, for the stone, cement, tile and other work necessary in the construction of the foundation of a dwelling house erected by the owners on their land. The claim sets forth the following items:

Furnishing materials and building foundation for dwelling-house, 100 perch stone, including lime, cement, sand and labor laying same at $4.75 per perch, ..........................$475.00
8 window sills and setting same $1.00 per sill,.. 8.00
Material and labor building concrete footing course, ............................... .50.00
Cut stone chimney cap, 2 door sills and step, .. 87.00
4 perch extra stone on height of wall at $4.75 per perch, .................................. 19.00
4 hours' extra labor at 25 cents per hour,...... 1.00

At the trial the court instructed the jury that plaintiff was entitled to a verdict and judgment was accordingly entered.

Objection is made that the lien covers more than one building and that the claim cannot be sustained for that reason. This objection arises out of the fact that the

lot on which the house was erected contained about seven acres and that a tenant house and barn were erected about the same time, which latter buildings are referred to in the lien. It is obvious, however, that the claim is filed against the dwelling-house and that the reference to the tenant house and barn is by way of description of the whole lot. The objection is really against the inclusion of so much land in the curtilage but this is not sufficient to defeat the lien. In the case of Black v. Hartrick, 247 Pa. 504, which was the case of a lien against the same premises and the same defendants, it was held that the lien should not be stricken down because more land was included in the description of the curtilage than was reasonably necessary for the general purposes of the residence and that if the question became a material one application might be made to the court below to have the curtilage defined and the lien limited to the boundaries thus ascertained. The same conclusion was reached in the case of Bennett Lumber & Manufacturing Co. v. the same defendants, in the case of a lien against the same premises in an opinion this day handed down in this court. Exception is taken to the bill of particulars attached to the lien on the ground that the prices are not itemized and that lumping charges are contained therein. As to all of the items except that for material and labor building concrete footing course $50.00 and 4 hours' extra labor at 25 cents per hour $1.00, the specifications are sufficient under the authorities. The work was done by contract and the price per perch of stone in the wall is set forth in the usual way and with sufficient particularity to put the defendant on inquiry. The same is true with reference to the window sills, the chimney cap and door sills and step. They were part of the building open to observation and the owners could not have had any difficulty in satisfying themselves as to the correctness of the bills. This portion of the claim is clearly within the rule declared in Wilson v. Canevin, 226 Pa. 362. The items for labor and material and work

in building the concrete footing course and for 4 hours' extra labor at 25 cents per hour $1.00, are not sufficiently specific. A claim of the same character was excluded in Shields v. Garrett, 5 W. N. C. 120 : Wharton v. Real Est. Investment Co. of Philadelphia, 180 Pa. 168. These items give no information as to the material used or the labor involved or the extent of the construction and the last item gives no information as to the character of the labor or upon what it was applied. The amount of the claim should have been reduced to the extent of these two items.

It is further objected that the notice of the intention to file the lien is insufficient because it includes a specification of claims against three separate buildings on each of which work was done by the plaintiff. The object of this notice is to inform the owner of the demand and its nature, to the end that he may require payment by the contractor or secure himself against double payment. No particular form of notice is required and it is not a valid objection to a particular notice that more is contained therein than is relevant to the claim: American Car & Foundry Co. v. Alexandria Water Co., 215 Pa. 520; Day v. Pennsylvania R. R. Co., 35 Pa. Superior Ct. 586. The statute requires that a subcontractor who intends to file a lien against property must give the owner written notice, verified by affidavit setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor or materials furnished and the date when the last work was done or materials furnished. The claimant has complied with these requirements of the statute in the notice given. The prima facie case of nonresidence of the owners was made out by the affidavit of proof of service of the notice and the operation of Rule VIII of the Court of Common Pleas of Allegheny County. The material averments of the lien and the proof of service were not directly and specifically traversed and denied and are to be taken as admitted.

The objection as to the time when the lien was filed with reference to the date of the completion of the work is not well taken. The period within which the work was done under the contract and the time when the last work was done are set forth with sufficient definiteness to sustain the claim. On an examination of the whole case we are not satisfied that any of the assignments can be sustained except that affecting the lumping charge for the construction of the footing course and the charge for extra labor, the two items amounting to $51.00.

The judgment should be reduced to the extent of these two items, with interest thereon from the date of the verdict, and the judgment as thus modified is affirmed.

DISSENTING OPINION BY KEPHART, J., November 29, 1915:

For the reasons assigned in the dissenting opinion filed in Bennett Lumber Company v. Hartrick, I would reverse the judgment.