# Barker Painting Company, Appellant, *v.* General Carbonic Company.

*Mechanics' liens—Sub contractors labor and materials furnished
—Date of delivery—Act of June 4, 1901, P. L. 431.*

In the absence of an express contract calling for a lump sum, the claim of a sub contractor should set forth the dates when the material was furnished, or the work done, in order that the owner may have information as to the character and integrity of the account. A subcontractor must specify the items of his claim for work and materials, and a general charge for either does not satisfy the requirements of the Mechanics' Lien Law.

A mechanic's lien filed by a subcontractor will be stricken off, as insufficient, where it did not set forth the dates when the several items of labor and materials were furnished, nor did it appear whether the materials were furnished and the labor performed under an express contract for a fixed amount, or whether the charges were for the value of the services rendered.

Argued October 19, 1921. Appeal, No. 234, Oct. T., 1921, by plaintiff, from decree of C. P. No. 2, Phila. Co., June T., 1920, No. 4556 M. L. D. striking off mechanic's lien in the case of Barker Painting Company v. General Carbonic Company, Reputed Owner, Wilkie Carbonic Gas Company, Owner, and M. H. McCloskey, Jr., Inc., Contractor. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Rule to strike off mechanic's lien.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.

*Error assigned* was order of the court.

*Henry J. Gerber,* for appellant, cited: Rush v. Able, 90 Pa. 153; Brown v. Kolb, 8 Pa. Superior Ct. 413; Ben-

nett Lumber & Mfg. Co. v. Hartrick, 61 Pa. Superior Ct. 456.

*J. L. Wetherill,* of *White & Wetherill,* for appellee, cited: Crane Company v. Rogers, 60 Pa. Superior Ct. 303, 305.

OPINION BY HENDERSON, J., March 3, 1922:

The appellant is a subcontractor who filed a lien against the real estate of the appellee. The lien was stricken off by the court on the application of the owner, for the reason that it did not fully set forth a contract alleged to have been entered into by the plaintiff with the contractor, and that it did not set forth the dates when the several items of labor and material were furnished under an additional contract. From that order we have this appeal. It is set forth in the lien that the plaintiff submitted to the contractor a written estimate for the painting and glazing of the building against which the lien was filed "which estimate and proposal is attached to the lien, marked exhibit A, and made a part thereof"; that the same day the contractor verbally accepted the estimate and verbally agreed that the plaintiff should furnish all the labor and material for the painting and glazing of the building and that the contractor would pay the claimant in consideration therefor sums of money set forth in exhibit A. It is averred that to carry out the contract claimant furnished laborers, to wit: "Two painters at different times from February 5, 1920, to June 11, 1920, each of whom worked ten days; three painters at different times from February 5th to June 11th, 1920, each of whom worked five days; four painters and glazers from February 5, 1920, to June 11, 1920, each of whom worked four days. Claimant avers that each painter that was furnished by them was well worth eight dollars per day." It is also set forth that in order to carry out the contract claimant furnished the materials as itemized in paragraph eight

of the lien, of the value of $290.20.  No dates are given showing when the various materials were furnished, except the time of beginning and completing the work. The whole amount of the claim as set forth in the ninth paragraph of the lien is $698.20.  Exhibit A appears on its face to be a bill for work already done.  The first item is

To labor and material for work done in lien
   of painting and glazing, at 842 N. 3d St.,
   Phila., contract price ......................$575.00
Then follow charges as follows:
To painting and glazing 5 double hung windows,
   in addition to those originally shown on the
   plans ...........................................  57.00
To furnishing glass in wood doors, made neces-
   sary by change from metal doors ...........  18.00
To painting new rear fence 3 coats .............  57.60
To furnishing glass and glazing 4 lights of rough
   wire glass in metal door ...................   7.00
To replacing glass broken in boiler house by
   other mechanics, 12 lights, 14 x 20 double
   thick, at 75 each ..........................    9.00

     The total amount ......................$723.00

What entered into the item of five hundred and seventy-five dollars is not made to appear anywhere in the lien. The terms of the contract are not set forth and we have no means of ascertaining what proportion of the claim was for labor, what for the several amounts of material. The remainder of the bill has the appearance of a charge for something done outside of the alleged contract.  The dates of these items do not appear nor is it stated whether the materials were furnished and the labor performed under an express contract for a fixed amount or whether the charges are for the value of the services rendered. It will be noticed that the aggregate of the items is somewhat larger than the amount claimed in the ninth

paragraph of the lien. A careful reading of the lien gives the impression that the claimant intended to aver that he made an estimate of what the work would cost, that the contractor authorized him to proceed with the undertaking and that the claimant charged, not a lump sum on the contract, but what the labor and material were worth. If this is the correct view of the claim, the appellant's account is for the actual value of the labor and material, in which case as a subcontractor it was his duty to set forth the dates and amounts of the material furnished and the labor performed in the execution of the work. He did not deal with the owner and the latter is not liable for the contractor's debt unless the claimant complies with the requirements of the statute which gives him a lien against the owner's property. In the absence of an express contract calling for a lump sum, the claim of a subcontractor should set forth the dates when the material was furnished or the work done in order that the owner may have information as to the character and integrity of the account. In McFarland v. Schultz, 168 Pa. 634, the claim was for "grading and digging lots and carting away dirt from the same and that the time when it was done was between August 29, 1892, and October 22, 1892." With reference thereto, the court said: "We think it clear that the claim filed in this case was fatally defective and that the rule to strike it off should have been made absolute. It did not adequately set forth the nature and kind of the work done nor when it was done." It was further said in the same case: "It has been repeatedly held by this court that a subcontractor must specify the items of his claim for work and materials and that a lumping charge for either does not satisfy the requirements of the statute." To the same effect is Burrows v. Carson, 244 Pa. 6. In Bennett L. & M. Co. v. Hartrick, 61 Pa. Superior Ct. 456, 469, there was a written contract for the material to be furnished for a lump sum. It was there held that the statement of claim was sufficient. It would have been other-

wise, however, if the claim had been based on an account for the market value of the material. We feel constrained to hold, therefore, that the statement of the plaintiff's claim is not in compliance with the requirements of the statute and the court was not in error in striking off the lien.

The judgment is affirmed.