# Currie v. Koehler et al., Appellants.

*Mechanics' liens—Lump accounts—Itemized lists—Notice of intention to file claim—Acts of April 17, 1905, P. L. 172 and March 24, 1909, P. L. 65.*

Where labor and materials are furnished by a subcontractor under two contracts with the principal contractor, each for a lump sum, it is not necessary for the subcontractor, in filing a lien, to set out an itemized list of the materials furnished.

The Act of April 17, 1905, P. L. 172, requires a statement of the amount claimed to be due and of the kind and amount of materials furnished, but there is no statutory requirement calling for the statement of the price of each article. The object of such information is to give the owner the necessary knowledge to enable him to determine the correctness of the claim and where the information contained in the lien is sufficient on inquiry to give him such knowledge, it is all that the law requires. There is no statutory obligation resting on the plaintiff to specify the price of each article where the whole is furnished under a lump sum contract.

In such case a notice by the subcontractor of his intention to file a lien is sufficient under the Act of March 24, 1909, P. L. 65, if it recites the lump sum due on the two contracts and sets forth the material furnished and work done thereunder.

Argued November 15, 1926. Appeal No. 171, October T., 1926, by defendants from judgment of C. P. Delaware County, December T., 1923, No. 352 (M. L.), in the case of F. J. Currie v. George E. Koehler and Maryland Casualty Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Scire facias sur mechanic's lien. Before JOHNSON, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The rule was made absolute. Defendants appealed.

*Error assigned,* among others, was the judgment of the Court.

*M. L. Barrett, Jr.,* and with him *E. LeRoy VanRoden* and *R. W. Archbald, Jr.,* for appellants, cited: Burrows v. Carson, 244 Pa. 6; Harrison Safety Boiler Works v. Real Est. Inv. Co. et al., 180 Pa., 168; McFarland v. Schultz et al., 168 Pa., 634; Brown v. Myers et al., 145 Pa., 17; Gray v. Dick, 97 Pa., 142.

*A. B. Geary,* of *Geary & Rankin,* for appellee, cited: Bennett Lumber and Manufacturing Co. v. Hartrick (No. 1), 61 Pa. Superior Ct., 456; Willson v. Canevin, 226 Pa., 362; Ott v. DuPlan Silk Corp. 271 Pa., 322.

OPINION BY TREXLER, J., March 3, 1927:

The plaintiff, F. J. Currie, filed a lien as sub-contractor against the property of George E. Koehler. The contract of the plaintiff was with a man by the name of Meissner and under said contract, the plaintiff was to furnish all the labor and material necessary to complete the plumbing work and install the hot water heating system in the house.

The fault which the appellants find with the lien is that it lumps the charge for labor and materials and does not sufficiently itemize the articles furnished, nor the labor which entered into the performance of the work and he also complains of the action of court in allowing an amendment to show how much was due under the item of plumbing and how much was due under the hot water heating system. As to the lumping charge, we notice that the Act of April 17, 1905, P. L. 172, requires the lien to set forth the "amount or sum claimed to be due, and the nature or kind of the work done, or the kind and amount of materials furnished, or both; and the time when the materials were furnished, or the work done, or both, as the case may be." In one respect it changes the prior act of 1901 which had the provision that the lien should show how the amount or sum is made up so it would appear

that under the Act of 1905 all that is necessary is to show the amount or sum claimed to be due so far as that subject is concerned.

This court held in Bennett Lumber & Manufacturing Co. v. Hartrick, 61 Pa. Superior Ct. 456, that the provision of the act above quoted calls for "a statement of the amount claimed to be due and of the kind and amount of materials furnished but there is no statutory requirement calling for a statement of the price of each article. The object of such information is to give the owner the necessary knowledge to enable him to determine the correctness of the claim and where the information contained in the lien is sufficient on inquiry to give him such knowledge it is all that the law requires. . . . . . there was no statutory obligation resting on the plaintiff to specify the price of each article where the whole was furnished under a lump contract." To the same effect is Ott v. DuPlan Silk Corporation, 271 Pa. 322, in which the case of Bennett Lumber & Manufacturing Company v. Hartrick was cited. See also Barker Painting Company v. General Carbonic Company, 78 Pa. Superior Ct. 493.

In the present case, there was a lump sum for the plumbing work and a lump sum for installing the hot water heater. In the lien filed the written acceptance of the two bids was set forth at length. Under the cases above cited, it was not necessary for the plaintiff to set out an itemized list of the materials furnished. If there is no contract calling for a lump sum, the sub-contractor must specify the items of his claim for work and materials, and a general charge for either does not satisfy the requirements of the Mechanics' Lien Law, but it is different where there is a contract for a lump sum. This was pointed out in Barker Painting Co. v. General Carbonic Company, supra. We conclude that in this respect, the lien was sufficient.

There was a notice given by the plaintiff of his in-

tention to file the mechanics' lien which the appellant argues was not sufficient in that it claimed one lump sum due on two contracts and does not state the sum due for labor and the sum due for materials. The notice contained all the averments sufficient to give the owner knowledge of the claim. It recites that there was a contract made for all the plumbing work for a fixed sum and also for installing the hot water system for a fixed sum, both being for the same house and under the same contract, and showed the balance due and to it was attached the statement showing in detail the materials furnished and the work done and that the last work and the last material were furnished on a certain date. The Act of March 24, 1909, P. L. 65, prescribes that the notice shall contain the amount alleged to be due, the nature of the labor and materials furnished. The requirements were met. The present case is very similar to that of Willson v. Canevin, 226 Pa. 362. There it was held that where a sub-contractor notifies the owner of his intention to file a lien, what is required is a substantial compliance with the Act of 1905. In that case, there was a statement of the amount bought, the amount of extras ordered, both appearing in lump sums. It was held that this was sufficient, that it furnished the information to the owner so that he could protect himself. A statement was there given, as in this, showing in detailed manner the various items of material furnished, but not giving the price for each.

We agree with the lower court that "it makes no difference upon this question whether the contract between the claimant and the contractor is in two parts instead of one. The aggregate of the contract is the sum of the two, and it is sufficient to aver in the lien the materials furnished and the work done in pursuance of the aggregate contract. The talisman is whether it apprizes the owner of sufficient to enable

him to make successful inquiry, and we think this is fully complied with by informing him of the contract figures between the contractor and the claimant and a list of the materials furnished and labor done with their respective dates.'' The lien and notice being sufficient, it is not necessary to make any decision with reference to the plaintiff's motion to amend.

The judgment of the lower court is affirmed.