Johnson Service Company, Appellant, *v.* The Fayette Title & Trust Building.

Argued April 16, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*H. S. Dumbauld,* and with him *Charles W. Rush,* for appellant.—A claimant is not required to specify the price of each article: Currie v. Koehler et al., 90 Pa. Superior Ct. 197; Bennett Lumber & Manufacturing Co. v. Hartrick, 61 Pa. Superior Ct. 456; Willson v. Canevin, 226 Pa. 362.

*A. W. Forsyth,* and with him *H. E. Hackney,* of *Shelby, Hackney & Ray,* for appellees.—Claimant must

state the nature and kind of work and when supplied: Crane v. Rogers, (No. 2), 60 Pa. Superior Ct. 300; Burrows v. Carson, 244 Pa. 6.

OPINION BY BALDRIGE, J., July 2, 1929:

This appeal is from a decree of the lower court striking off a mechanic's lien filed by a sub-contractor. In support of the motion, it was contended (a) that the lien does not sufficiently set forth definite dates of furnishing materials and performing labor; (b) that the claimant does not specify the kind or nature of the labor; (c) that the lien is defective in form.

Seventeen hundred and ninety-five ($1,795) dollars was alleged to be due under a verbal contract for the installation of a temperature control apparatus. The work was done and materials were furnished between October 8, 1924, and May 20, 1925, as set forth in the bill of particulars, which is as follows:

"2—Slate switch boards each mounted with 4 lever handle switches and 1 graduated switch. Each board contained in iron box with cover.

1—Flush switch in iron box.

6—Metal diaphragm coil valves.

2—By-pass dampers.

2—Fresh air dampers.

1—Vent damper.

5—Metal diaphragm draft regulators to operate the above dampers.

1—3x3 double cylinder electric air compressor complete with automatic governor switch to control to 15 pound air pressure.

2—30 gallon air storage tanks and pressure gage.

2700'—Galvanized pipe with all fittings necessary to make a complete system of air piping as required.

Labor—

11/20—26/24 ...................... 44 hrs.

| | |
|---|---|
| 12/1/24 ........................ | 8 hrs. |
| 12/23—24/24 ................... | 12 " |
| 1/5/25 ....................... | 5 " |
| 3/4/25 ....................... | 3 " |
| 3/26/25 ...................... | 4 " |
| 5/6/25 ....................... | 4 " |
| 5/15—20/25 ................... | 40 " |

Contract completed 5/20/25.

It will be noted that the material is stated in detail but no dates are given when it was furnished or the prices charged for the different materials, and this is also true, in part, for the labor performed; for instance, the first item is for labor between November 20th and 26th—44 hours.

The Act of April 17, 1905, P. L. 172, provides that the lien shall set forth "the amount or sum claimed to be due and the nature or kind of the work done, or the kind and amount of material furnished, or both; and the time when the materials were furnished, or the work done, or both, as the case may be."

One of the objects of this legislation was to give the owner of a building, who was not a privy to the contract between a contractor and a sub-contractor, but who eventually pays the bill, sufficient data so that he could properly inform himself whether the contract was fulfilled. There have been many suits growing out of the correct interpretation and application of this provision, and some difficulty has arisen to reconcile the decisions thereunder.

For our present purposes we will briefly consider two classes of cases; (1) those where labor was done or materials were furnished, or both, under a contract, and (b) where there was no contract.

In the first class is Willson v. Canevin, 226 Pa. 362. There a sub-contractor filed a lien for a lump sum under a written contract, as follows: "Contract price, $3,400; extras ordered and furnished, $145.50, total

$3,545.50.'' Attached to the claim was an itemized statement giving the items of materials furnished, with the year, month, and day they were furnished, but did not give an itemized price of each item. The court, in holding it to be a valid lien, said, ''The statement gives the owners a detailed account of the various items of materials furnished, the total of the price to be paid and the kind of materials furnished. This is all the information he needs to enable him to deal intelligently with the contractor and protect himself.''

In Bennett Lumber Co. v. Hartrick, 61 Pa. Superior Ct. 456, a lien was filed under a contract for certain lumber furnished and mill work done between the dates of December 19, 1911, and April 23, 1912. The plaintiff's claim was for ten items consisting of window and door frames and a specified quantity of cornice. The court held that the materials were placed in the building and the owners had an opportunity to inspect them and that the fairness of the price charged could easily be ascertained, and as there was no statutory obligation resting on the plaintiff to specify the price of each article where the whole was furnished under a lump contract, the claim was not objectionable on that ground.

In Curti v. Hartrick, 61 Pa. Superior Ct. 447, the claim was for materials furnished and labor done between November 10, 1911, and May 4, 1912, under a written bid. The claim set forth the number of perch of stone furnished and price per perch, the number of window sills and chimney caps, with itemized prices thereof, and contained an item of $50 for ''material and labor building concrete footing course'' and four hours extra labor at 25 cents per hour—$1. Exception was taken to the bill of particulars attached to the lien on the ground that the prices were not itemized and that it contained a lumping charge. The court held that for all the items, except for the labor, the

specifications were sufficient as the work was done under a contract. The items for labor and material in building the concrete footing course were not included in the contract and no information was given as to the material used or the labor involved, or the extent of the construction; and the one dollar item gave no information as to the character of the labor or upon what it was applied; and therefore that part of the. claim was held to be deficient.

In the following cases, materials were furnished and work done without contract:

In Barker Paint Co. v. General Carbonic Co., 78 Pa. Superior Ct. 493, the lien filed was stricken off by the court as no dates were given showing when the various materials were furnished, except the time of the beginning and completing of the work. The court said: "A careful reading of the lien gives the impression that the claimant intended to aver that he made an estimate of what the work would cost, that the contractor authorized him to proceed with the undertaking and that the claimant charged, not a lump sum on a contract, but what the labor and material were worth. If this is the correct view of the claim, the appellant's account is for the actual value of the labor and material, in which case, as a sub-contractor, it was his duty to set forth the dates and amounts of the materials furnished and the labor performed in the execution of the work." The judgment of the lower court striking off the lien was affirmed.

In McFarland v. Schultz, 168 Pa. 634, the claim filed did not specify the dates when the work was done, or the nature or the kind of the work, other than it was done between August 29, 1892, and October 22, 1892. The court held the claim fatally defective.

In Burrows v. Carson, 244 Pa. 6, the item for labor is one general charge, as follows: "1911, April 4 to November 20, 137 hours labor at 60 cents per hour,

$82.20.'' The court held that this was not in compliance with the statutory requirement as to the nature or kind of work or when it was done. It was necessary to give information to the owner to enable him to determine the correctness of the claim.

It follows that if a claim is under a contract for a lump sum for materials furnished or work done, it is necessary to give, with such degree of particularity as the subject matter may permit, the kind and amount of the materials furnished and the nature and kind of the work done, but not the prices charged for the different items; but if the contract is for an individual item, it is not necessary to give a statement of each of the component parts necessary to be furnished for its completion.

In the second class of cases where there is no contract, a detailed statement is required showing the dates when the materials were furnished or the work done, the prices charged therefore, the kind and amount of materials furnished, or the kind and nature of the work done, and the total amount due. (Barker Paint Co. v. General Carbonic Co., supra.)

The appellant cited as a controlling authority in support of the legality of his claim Currie v. Koehler, 90 Pa. Superior Ct. 197. The lien was filed under a contract providing for furnishing all the plumbing work for a fixed sum and also for installing a hot water system for a fixed sum; both furnished for the same house and under the same contract. The complaint against the lien was that it lumped the charge for labor and materials and did not sufficiently itemize the articles furnished or the labor performed. A detailed statement was apparently furnished or filed with the lien for the various items of materials furnished and the labor done, with their respective dates, but whether or not it was in the form of a bill of particulars, we are not informed.

The court cited with approval what the lower court said, as follows: "It is sufficient to aver in the lien the materials furnished and the work done in the pursuance of the aggregate contract. The talisman is whether it apprises the owner of sufficient to enable him to make successful inquiry, and we think this is fully complied with by informing him of the contract figures between the contractor and the claimant and a list of the materials furnished and the labor done, with their respective dates."

The court further stated that in the lien filed, the written acceptance of the two bids was set forth at length. It was held that the lien was good and that conclusion was in harmony with the foregoing cases. The court did say that "under the cases above cited it was not necessary for the plaintiff to set out an itemized list of the materials furnished."

The case that was principally referred to and quoted was Bennett Lumber and Mfg. Co. v. Hartrick, supra, but the court did not decide in that case that an itemized list of materials need not necessarily be furnished when the contract price is for a lump sum. As we have observed, a list of the materials furnished and labor done, with their respective dates, was given in the Bennett Lumber case; the quoted comment was mere dictum.

The lower court held in the case at bar that there was no contract and as there were no dates given when the materials were furnished or prices charged therefor, the lien is defective in that respect, and we agree with that conclusion.

Objection was also raised that the claim does not specify the kind or nature of the labor, nor when it was performed. The first item is "labor 11/20—26/24 —44 hours." That does not give any information as to the nature or kind of the labor or the days upon which it was done, and therefore is defective.

The writing which we have referred to as a mechanic's lien is also fatally defective in its form. It is composed of a notice directed to the Fayette Title and Trust Building, owner or reputed owner, to the effect that a lien *"will be filed"* for materials furnished and labor performed in accordance *"with this notice,"* unless the amount be paid within one month from the service of the notice. The names of the claimant and contractors are then set forth and the amount alleged to be due, with a description of the property. It is quite apparent that this was but a notice—not a claim.

Attached to the notice was an affidavit signed by the attorney for the appellant, and following the affidavit was the bill of particulars, hereinbefore referred to. If the affidavit was to be regarded as a claim, it is defective in that it fails to set forth the name of the owner or reputed owner, or the nature or kind of work, or the kind and amount of materials furnished; and the time when the materials were furnished, or the work done; and it does not give a sufficient description of the real estate, nor describes the structure against which the lien was filed.

Any one of these objections is sufficient to declare the lien invalid.

The judgment of the lower court is affirmed.