## Harvard et al. v. McMullen et al.

*Baldwin & Baldwin*, for plaintiffs.

*Stewart P. McConnell*, for defendants.

SOHN, J., July 12, 1950.—This case is before the court on a motion by defendant owners to strike from the record a mechanics' lien. The following bill of particulars is made a part of the lien:

"Said work and materials done and furnished for which this lien is claimed consisted of the installation of a radiant heating system, same having been done and furnished for an agreed price of $2150.00 in accordance with a written contract entered into between claimants and the contractor, copy of which written agreement is affixed hereto. Said work and materials was performed between June 23, 1948 and February 21, 1949.

"Claimants aver that said contract price for furnishing and installation of said heating system is the

usual, customary and market price for such furnishing and installation. Claimants aver that upon said sum of $2150.00 due as aforesaid in accordance with said written contract there has been paid to said claimants the sum of $1700.00 leaving a balance due to said claimants of $450.00.

"Claimants aver that the last of said work and materials was furnished on the 21st day of February, 1949."

The written agreement referred to in the bill of particulars is not attached to the lien. Since the 1905 amendment to the Mechanics' Lien Act of June 4, 1901, P. L. 431, sec. 11, 49 PS §52, it is not required that the contract be attached. Section 11 of the Mechanics' Lien Law, supra, is in part:

"Every person entitled to such lien shall file a claim, or statement of his demand, in the office of the pro-thonotary of the court of common pleas of the county in which the building may be situate, which claim shall set forth:

"2. The amount or sum claimed to be due, and the nature or kind of the work done, or the kind and amount of materials furnished, or both; and the time when the materials were furnished, or the work done, or both, as the case may be."

In Johnson Service Company v. Fayette Title and Trust Building, 96 Pa. Superior Ct. 535, 541, Judge Baldrige said:

"It follows that if a claim is under a contract for a lump sum for materials furnished or work done, it is necessary to give, with such degree of particularity as the subject matter may permit, the kind and amount of the materials furnished and the nature and kind of the work done, but not the prices charged for the different items; but if the contract is for an individual item, it is not necessary to give a statement of each of

the component parts necessary to be furnished for its completion.

"In the second class of cases where there is no contract, a detailed statement is required showing the dates when the materials were furnished or the work done, the prices charged therefore, the kind and amount of materials furnished, or the kind and nature of the work done, and the total amount due. (*Barker Paint Co. v. General Carbonic Co.,* supra.)"

Referring first to the statutory provision, it is evident that in this lien plaintiffs did not "set forth in the lien, the nature and kind of the work done, or the kind and amount of materials furnished". It is equally evident that plaintiffs' lien does not comply with Judge Baldrige's opinion because the lien does not give the kind and amount of the materials furnished, and the nature and kind of the work done. It is therefore apparent that unless the contract be construed as a contract for an individual item, the lien must be stricken from the record. The work was done under a contract. Plaintiffs allege that the work of furnishing and installing a radiant heating system was under a written contract between plaintiffs and the contractor for a fixed sum. There is no allegation that there was any contract with defendant owners.

A radiant heating system is one used to supply heat to a building. It is a new method recently designed for that purpose. It consists of a heating unit attached to pipes imbedded in concrete floors of the structure. Other and more modern systems consist of facilities to radiate heat from installation of equipment in the ceiling of a room. What component parts make up such a system and the exact method of installation is not a matter of common knowledge. People generally are not informed as to this type of heating system, and we cannot assume that defendants are so informed. No trade name of the

radiant heating system is set forth in the lien. The contract which might have supplied some pertinent information is not attached to the lien. There is no identification of the system in any manner so as to inform defendants what was supplied. There is no itemization as to what was done, nor is there any information as to how many men worked on the job or how many days they worked between June 23, 1948, and February 21, 1949. In American Car and Foundry Company v. Alexandria Water Company, 215 Pa. 520, 525, Mr. Justice Potter said:

"Justice Bell gave utterance to a principle, in considering the Act of 1836, which is equally appropriate to the statute now before us. In *Knabb's Appeal*, 10 Pa. 186, he said (p. 188): 'The formal objections to the statement of the claims in question are made under the twelfth section, of the act of 1836. The great object of its several provisions is notice, and it has been truly said, an observance of them is essential to the safety of owners, purchasers, and other lien creditors, as furnishing some data by which, in case of dispute, they may be enabled to ascertain the truth: *Noll v. Swineford*, 6 Pa. 187. But all the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact, adding anything to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice.' "

We are unable to perceive how the lien filed in the instant case could "point the way to successful inquiry". We conclude that in this case plaintiffs should have set forth the nature and amount of the materials furn-

ished, and the nature and kind of the work done so that defendants could make inquiry and prepare to defend the action. We think it is evident that the contract in this case is not for an individual item such as is referred to in Johnson Service Co. v. Fayette Title and Trust Building, supra.

### Order

And now, to wit, July 12, 1950, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the mechanics' lien filed at the above term and number by Jack Harvard and H. H. Davis, co-partners, trading and doing business as The Reliance Welding Company, against Ralph W. McMullen and Mary Nannah McMullen, owners, or reputed owners, and Carcaise Home Construction Company, a partnership, contractor, be, and it is hereby stricken from the record.