## Commonwealth ex rel. Wible, Appellant, *v.* Maroney.

Argued March 23, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*William H. Wible,* appellant, in propria persona, submitted a brief.

*R. Merle Heffner,* District Attorney, for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

Relator, together with his brother, was indicted and tried for robbery and aggravated assault and battery and was found guilty on both charges by a jury on February 27, 1954. He was sentenced to a term of not less than four nor more than fifteen years for robbery. Sentence was suspended on the other charge. In June 1954, relator filed a petition for a writ of habeas corpus

which was dismissed by the court below. Again in July he filed a second petition, which was also dismissed and which he has appealed.

First, relator alleges that he was tried for a more serious crime than that for which he was indicted. An examination of the indictment reveals that he was clearly charged with robbery with accomplice, similar to the wording of Section 705 of the Penal Code of 1939, 18 PS 4705. However, the citation "18 PS 4704" was placed on the indictment. Section 4704 is Section 704 of the Penal Code and sets forth the crime of plain robbery, for which the maximum sentence is less than under Section 705. However, the record discloses that the district attorney explained in open court prior to trial that the citation on the indictment was an error and mere surplusage and that relator was being tried under Section 705. The wording of the indictment clearly places it under the more serious offense. Relator could not possibly have been misled since the offense and the facts were clearly set forth. To allege that relator relied on a designated section number of the Penal Code rather than the wording of the indictment is patently absurd.

Relator also contends that the trial judge negotiated with the jury by note in his absence and that said note was not made a part of the record. The record shows that the jury requested an answer to the question: "Would it be proper to convict one defendant of Robbery and acquit the other?" The trial judge wrote an answer in longhand as follows: "You may convict one defendant and acquit the other. The Court expresses no opinion as to what conclusion you should reach in this respect. This is a matter entirely for your determination under the instructions already given you." This was read to the two attorneys representing relator, both of whom expressed approval thereof. Rela-

tor's counsel also stated to the trial judge that it was not necessary to call relator into the courtroom at that time. No request was made to have the trial judge's answer transcribed into the record. There was no error in such a proceeding and no harm could possibly have accrued to relator thereby. Furthermore, it appears that this question was raised by relator in his first petition for writ of habeas corpus, which was dismissed and not appealed. A petition for a writ of habeas corpus which is repetitious of previous petitions and consists of averments which have been adjudicated should be dismissed. *Com. ex rel. Gryger v. Burke,* 173 Pa. Superior Ct. 458, 98 A. 2d 380.

The order is affirmed.