## Giansante v. Pascuzzo

*Charles Golden,* for plaintiff.

*Ralph Schwartz* and *Ben W. Ingber,* for defendants.

CHUDOFF, J., April 10, 1964.—In April 1962, defendants, John Lalumera, President of Lalumera Construction Company, Inc. (Lalumera), and Anthony Pascuzzo (Pascuzzo), entered into a contract for the construction of a nightclub at 1607-13 Pratt Street, Philadelphia, Pa.

Plaintiff, Gino Giansante (Giansante), a subcontractor, was hired by Lalumera to do work on the Pratt Street address, which premises were owned by defendants, Anthony Pascuzzo and his wife, Irene, as tenants by the entireties.

On or about June 15, 1962, as a result of a severe rainstorm the walls of the premises collapsed and, thereafter, on or about June 16, 1962, Pascuzzo entered into an oral contract with Lalumera for the construction of the walls, for the sum of $5,000.

Pursuant to its contract with Pascuzzo, Lalumera hired plaintiff as a subcontractor to erect the new walls for the premises.

After the excavation was completed by another contractor, plaintiff worked on the building for approximately seven days when defendant, Pascuzzo, ordered plaintiff and his employes from the premises.

On July 20, 1962, plaintiff served Anthony and Irene Pascuzzo with notice of his intention to file a mechanic's lien for labor and materials pursuant to the Mechanic's Lien Act, and thereafter followed the statutory procedure to perfect his lien.

After the matter was at issue a trial was held before the writer of this opinion, without a jury, on October 17, 1963, and a finding was made for the plaintiff

against defendants, Anthony and Irene Pascuzzo, only, in the sum of $2,481.72, with interest from June 26, 1962.

The court en banc dismissed all of Pascuzzo's exceptions to the court's findings and entered judgment on the verdict on February 20, 1964. An appeal was filed by Anthony and Irene Pascuzzo only in the Superior Court and this opinion is written in accordance with Rule 46.

Mechanics' liens are purely statutory in nature and compliance with the statutory requirements is necessary in order to give the lien validity. There must be a compliance with the statutory provisions to effect a valid claim: Associated Lumber & Mfrg. Co., Inc. v. Mastroianni, 173 Pa. Superior Ct. 310 (1953).

Defendants contend that the mandate of the Mechanic's Lien Act has not been complied with, in that plaintiff's "notice of intention to file a lien" was not specific as to the amount due and owing to plaintiff for the labor and materials furnished by him.

The provisions of the Mechanic's Lien Act[1] pertaining to said notice provides in part as follows:

"Any sub-contractor, intending to file a claim, must give to the owner written notice to that effect, verified by affidavit, setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor or materials furnished, and the date when the last work was done or last materials furnished."

The purpose of the required notice is to inform the owner of the demand and the nature thereof, in order that he may protect himself in the manner provided in the Mechanic's Lien Act: Moss & Blakeley Plumbing Co. v. Schauer, 150 Pa. Superior Ct. 318 (1942);

---

[1]Act of June 4, 1901, P. L. 431, sec. 8, as amended by the Act of 1909, P. L. 65, sec. 1, subsequently repealed, Act of August 24, 1963, P. L. 1175, art. IX, sec. 901.

American Car & Foundry Co. v. Alexandria Water Co., 215 Pa. 520 (1906).

The question whether a particular notice contains language sufficiently descriptive to inform the owner of the nature of the demand is usually a very difficult and close one. As an aid in determining the sufficiency of such a notice the Pennsylvania Superior Court in the Moss case, supra, stated on page 322, quoting from Intercoastal Lumber Distributors, Inc. v. Derian, 117 Pa. Superior Ct. 246:

"All the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact adding anything to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice.' "

The Superior Court also stated, at pages 322 and 323:

" 'We must not be hypercritical when scanning this species of lien, and estimating its sufficiency. Such a practice must necessarily defeat a very large majority of them; a result not to be desired where they furnish sufficient data to enable the parties subject to them to ascertain all that is essential for them to know.' "

See also Mullooly v. Short, 365 Pa. 141 (1950).

An examination of plaintiff's "notice of intention" meets the statutory requirements and the directives of our appellate courts. The notice was sufficient enough to inform defendant-owners of plaintiff's intention to file a lien and the nature of his demand so that they may have proceeded to protect themselves in the manner provided by the statute. The notice contained the

amount of plaintiff's demand, the work performed, and the time said work was done by plaintiff and his employes.

Defendants next contend that the lien should have been stricken because the mechanic's lien filed of record was not specific as to the amount of the materials and labor furnished. They contend that plaintiff "lumped" his claim for labor and materials and did not specifically set forth the amount of each in his statement of claim.

The pertinent section of the act[2] reads in part as follows:

"Every person entitled to such lien shall file a claim, or statement of his demand, . . . which claim shall set forth:

\*     \*     \*     \*     \*

"(2) The amount or sum claimed to be due, and the nature or kind of the work done, or the kind and amount of materials furnished, or both; and the time when the materials were furnished or the work done, or both, as the case may be."

The Pennsylvania Superior Court, in Currie v. Koehler, 90 Pa. Superior Ct. 197 (1926), in discussing the requirements of the Act of 1905, stated at page 199:

"This court held in Bennett Lumber & Manufacturing Co. v. Hartrick, 61 Pa. Superior Ct. 456, that the provision of the act above quoted calls for 'a statement of the amount claimed to be due and of the kind and amount of materials furnished but there is no statutory requirement calling for a statement of the price of each article. The object of such information is to give the owner the necessary knowledge to enable him to

---

[2] Act of 1901, P. L. 431, sec. 11, as amended by the Act of 1905, P. L. 172, sec. 1, subsequently repealed, Act of 1963, P. L. 1175 art. IX, sec. 901.

determine the correctness of the claim and where the information contained in the lien is sufficient on inquiry to give him such knowledge, it is all that the law requires . . . *there was no statutory obligation resting on the plaintiff to specify the price of each article where the whole was furnished under a lump sum contract.'* "

It is our opinion that the contract entered into between Pascuzzo and Lalumera was a "lump sum" contract. The contract provided for the construction of the walls to the premises of 1607-13 Pratt Street for the consideration of $5,000, a sum certain agreed upon by all the parties. There is nothing in the record that would indicate otherwise.

Defendant Pascuzzo was present during the construction of the walls; he knew the extent of the work which had been completed when he ordered plaintiff from the job; and he saw the materials which were delivered.

We are of the opinion that the notice of intention to file a mechanic's lien and the statement of claim itself filed gave defendants the necessary information to enable them to determine the correctness of plaintiff's claim, as the statute and cases thereunder demand.

Defendants also took exception to the court permitting plaintiff to testify as to the number of hours his employes worked on the job, as not being the best available evidence. A reading of the record, and the exhibits attached thereto, will indicate that such testimony was permitted, and substantiated, by the introduction of plaintiff's employment records.

After the trial and oral argument before the court en banc, defendants raised the issue, in a supplementary brief, as to whether the notice of intention filed by plaintiff was properly served upon defendant Irene Pascuzzo. Suffice to say, the affidavit of service filed by plaintiff avers that service was made upon both Mr.

and Mrs. Anthony Pascuzzo, and most important, this issue was never raised during the course of the trial.

We are of the opinion that plaintiff's notice of intention and his statement of claim satisfy the requirements of the act and that no error was committed by the court.

For the foregoing reasons, defendants' exceptions and additional exceptions were dismissed and judgment was entered on the findings.